The Honorable John W. Parkerson State Representative 520 Ouachita Avenue Hot Springs, AR 71901
Dear Representative Parkerson:
This is in response to your request for an opinion regarding the Arkansas Freedom of Information Act (FOIA), which is codified at A.C.A. §§ 25-19-101—107 (Repl. 1992). Correspondence attached to your request indicates that a newspaper reporter recently requested from the Hot Springs Police Department a copy of arrest reports pertaining to juveniles. The correspondence also indicates that the reporter did not intend to print the names of the juveniles, but that he felt he was entitled to the records in order to report that a youth had been arrested for a certain offense. You state that the police department has a policy of not releasing arrest reports of any juveniles, as it maintains that the reports are not subject to release based upon A.C.A. §9-27-309. Your question has been paraphrased as follows:
 Are the arrest reports of juveniles which are maintained by the Hot Springs Police Department subject to disclosure under the FOIA?
It is my opinion that, provided the records have not previously been ordered closed by a court, arrest reports of juveniles are generally subject to disclosure under the Act.
Arkansas Code Annotated § 9-27-309(a) (Repl. 1991) states, with regard to juveniles, that all records may be closed and confidential within the discretion of a court.[1]
Accordingly, any court may order records pertaining to juveniles closed, and efforts should be made by the record custodian prior to release of any juvenile records to determine whether such a protective order has been entered.
Assuming, however, that no such protective order exists, Arkansas Supreme Court case law indicates that, as a general matter, arrest records are subject to public disclosure. In the case ofHengel v. City of Pine Bluff, 307 Ark. 457, 821 S.W.2d 761
(1991), the Arkansas Supreme Court held that jail logs, arrest records and shift sheets maintained by a police department are not records containing law enforcement investigations and thus are subject to disclosure pursuant to the FOIA. 307 Ark. at 464. And in Troutt Brothers, Inc. v. Emison, Ark.S.Ct. No. 92-522 (Nov. 9, 1992), the Court held that juvenile detention facility logs and booking sheets were subject to disclosure. In TrouttBrothers, a newspaper editor requested a sheriff's department to provide him with the names of three juveniles who had recently escaped from the juvenile detention facility. The Court noted that none of the three individuals had been charged in the juvenile division of chancery court at the time the issue arose, and, therefore, no juvenile proceedings had been commenced pursuant to A.C.A. § 9-27-310. A deputy of the sheriff's department responding to the request indicated that he understood the law to be that the names of juvenile offenders were not to be released and, accordingly, did not divulge the names. The newspaper filed suit, asking that the names and the logs and booking sheets be made public information. The trial court concluded that the public policy in favor of keeping juveniles' names confidential outweighed the public policy represented by the FOIA, and thus found no violation of the Act. The Supreme Court reversed, however, noting that there is no Arkansas statute specifically providing for the exemption of the names of juveniles arrested for felonies, but not charged as delinquent juveniles. Accordingly, it held that the logs and booking sheets of juvenile detention facilities are subject to public disclosure under the FOIA.[2]
Accordingly, provided the records are not protected by court order, in my opinion, arrest reports of juveniles would generally be subject to public disclosure.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Sherry L. Daves.
Sincerely,
WINSTON BRYANT Attorney General
SLD:cyh
Enclosure
[1] Section 9-27-348 prevents publication of the name or identity of a juvenile who is the subject of proceedings under the Juvenile Code, in the absence of a written order of the juvenile court.
[2] See also Op. Att'y Gen. 92-237, a copy of which is enclosed, which pertains to the release of law enforcement investigative records of juveniles. That opinion concluded, specifically, that if the investigative files are closed, i.e.,
there is no open and ongoing investigation, and no protective order has been entered, the file is generally subject to disclosure under the FOIA.